# Avery *v.* The State.

*Indictment for Forfeiting Recognizance, under Act of December 11th,* 1873.

1. "*Act to regulate confinement and discharge of persons charged with misdemeanors ;*" *to what applies.* — " The act to regulate the confinement and discharge of persons charged with misdemeanors," approved December 11th, 1873, applies as well to proceedings before a justice of the peace as to prosecutions before the county and circuit courts.

2. *Same; what competent evidence on trial of indictment for violating.* — On the trial of an indictment for the wilful failure to appear, after entering into the recognizance, the bond or undertaking entered into is relevant evidence.

3. *Charge to jury; when refusal to give will not be noticed.* — The refusal to charge the jury to acquit the defendant if they believe the evidence cannot be revised when all the evidence is not set out in the bill of exceptions.

APPEAL from Circuit Court of Jefferson.

Tried before Hon. W. S. MUDD.

The appellant, John Avery, was indicted for the wilful failure to appear and answer a charge of petit larceny, after having been released on his own recognizance, under the act of December, 1873, " To regulate the confinement and discharge of persons charged with misdemeanors."

The testimony taken on the trial shows that one Worthington, having some hogs stolen and suspecting Avery, made affidavit to these facts, to obtain a warrant to search Avery's house. The officer finding the stolen property arrested Avery, and brought him before the magistrate, where Worthington made an affidavit charging Avery with petit larceny. Avery being actually in custody, no warrant issued for his arrest, and the magistrate was about to proceed with the trial when Avery asked for a postponement for two days, which was granted, and the case continued until that day. The defendant executed his own bond, without security, for his appearance on that day, under the act of December 17th, 1873. The magistrate explained to him the consequences which would follow if he failed to appear, and having approved the bond allowed the defendant to depart. The defendant failed to appear on the day required.

On the trial, the State, after proving the execution and approval of the appearance bond, offered to read it as evidence. The defendant objected, but his objection was overruled, and he excepted.

The bill of exceptions does not purport to set out all the evidence.

The court charged the jury if they believed, from the evidence, that the defendant did wilfully fail to attend to answer the charge against him as required by law, at the time and place to which the trial had been adjourned by the justice of the peace, and that all of the proceedings were had, as testified to, in Jefferson county, that defendant could be found guilty under the indictment.

The defendant excepted to the giving of this charge, as well as to the refusal to charge the jury at his request, that they must find him not guilty if they believed the evidence.

ELLIS PHELAN and R. H. PEARSON, for appellant. — The appellant does not come within the letter of statute. He was never arrested on any *capias* or warrant of arrest; as the officer had already taken him in custody without a warrant. The

[Avery v. State.]

law is highly penal and must be strictly construed. It does not apply to a *continuance* before a justice of the peace.

JOHN W. A. SANFORD, Attorney General, *contra.* — The act of December 17th, 1873, applies to all misdemeanors. The statute being in furtherance of liberty should receive a liberal construction as to the classes of persons within its operation. The case of *Giles* v. *The State, ante,* p. 29, disposes of all the other questions in the case.

MANNING, J. — Appellant was prosecuted and found guilty, under the act No. 11, approved December 17, 1873, of wilfully failing to attend and answer to a charge of petit larceny, after having been discharged upon his own recognizance to attend at the office of a justice of the peace at a time and place therein specified to answer before one Moore, a justice of the peace of said county, for said offence. The time for his appearance was two days after that on which the recognizance was made, and the magistrate read the act over to him, and carefully explained the consequence that would ensue if he failed to attend at the time appointed according to the obligation. He did not attend.

The record discloses that on the day when the recognizance was given, defendant said " he was not ready for trial, and asked for a postponement of the same in order that he might have his witnesses summoned," and the trial was postponed accordingly to the day, on which he entered into a recognizance without a surety to appear.

It is he reinsisted for defendant that this law being highly penal must be strictly construed, and ought to be held not to apply to a case before a justice of the peace. We do not, after a careful examination of the statute, see in it any reason for so restricting its operation. Its language is as applicable to a proceeding before a justice of the peace, as before a circuit court, county court, or criminal court, and does not permit such a limitation of its meaning.

The recognizance or undertaking entered into by the defendant for his appearance was a proper — probably an essential part of the evidence in the cause ; hence, there was no error in overruling the motion to exclude it.

The bill of exceptions does not show that it sets forth all the evidence in the cause ; therefore, without comment on what it contains, we could not hold that the court erred in refusing to give the charge, that if the jury believe all the evidence still they must find for the defendant.

The law required the defendant to appear on the day set for the trial ; and the mention of the time in the bond on

which the trial was to be had only gave defendant more specific information of the day when he was required by law to attend and answer. We do not perceive that this in any manner changed the conditions prescribed by law, or exonerated defendant from compliance with the stipulation to appear, that was contained in the bond or undertaking.

There is no error in the record, and the judgment is affirmed.

The officers on whom the duty is devolved must proceed to carry the sentence of the court into effect, and to execute the same.

